UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL DOCKET NO. 12-259 |
| v. | * | SECTION "F" |
| **LANCE GIVENS,** *et. al.* | * | |
| | * * * | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'**
**REQUEST FOR DISCOVERY AND INSPECTION**

NOW INTO COURT, comes the United States of America, appearing herein through the

undersigned Assistant United States Attorney, who respectfully responds to defendant Ellis

Davis's various discovery motions, which have been joined in by most if not all of his fellow co-

defendants, as follows:

## I.     MOTION FOR PRE-TRIAL PRODUCTION OF JENCKS ACT MATERIAL

Defendant Ellis Davis acknowledges that Jencks Act materials are required by statute to

be produced only after a witness has testified.  (*See* Rec. Doc. 83-1, Mem. Supp. M. For Jencks,

at 1.)  The Jencks Act, 18 U.S.C. § 3500, directs that in a criminal prosecution, statements made

by government witnesses or prospective government witnesses are not open to discovery or

inspection by the defense until said witnesses have testified on direct examination in the trial of

the case.  *See United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir.1979).  This timing law

was initiated "out of concern for witness intimidation, subornation of perjury, and other threats to the integrity of the trial process." *See e.g.*, *United States v. Tarantino*, 846, F.2d 1384,1414 ( D.C. Cir. 1988).

Moreover, Federal Rule of Criminal Procedure 16(a)(2) prohibits discovery of statements by government witnesses or prospective government witnesses except as provided in Rule 16(a)(1) or the Jencks Act.[1]  The government notes, however, that with the consent of the government, the practice in this district is to produce Jencks material roughly 48 hours prior to trial or prior to direct examination, in order to facilitate the defense's preparation for cross-examination. *See Campagnuolo*, 592 F.2d at 858 n. 3.

## II.     MOTION FOR PRODUCTION OF BRADY AND GIGLIO MATERIAL

Defendants seek favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and impeaching evidence pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).   Other than the discovery materials the government has produced and is in the process of making available and turning over to defendant, the government is not aware of any such evidence at this time. Any such evidence will be produced in accordance with  *Brady* and *Giglio*.

## III.    MOTION FOR DISCOVERY AND INSPECTION

Defendants request all Rule 16 materials that have not already been voluntarily made available to them.  With the exception of certain laboratory reports confirming the exact drug quantities, all such documents in the possession of the United States Attorney's Office have been provided to defendants.  In addition to providing defendants those laboratory reports, the

---

[1] Of course, under *Brady v. Maryland*, 373 U.S. 83 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations.

undersigned will continue to review all materials related to this prosecution to ensure that the defendants have received everything they are entitled to under the law.

As this Court is aware, however, the government is not obligated to produce in discovery all information concerning the investigation of a case. As the Supreme Court has recognized, there is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." *Moore v. Illinois*, 408 U.S. 786, 795 (1972). Thus, while the government must satisfy particular discovery obligations—under *Brad*y, *Giglio*, Rule 16, the Jencks Act, and so forth—the government has no affirmative obligation to disclose all information or items connected to the investigation of a case. Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent." F.R.Cr.P. 16(a)(2). Rule 16 does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." *Id*. Further, Rule 16 does not authorize "the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2," none of which defendants assert or establish to apply here. *See* F.R.Cr.P. 16(a)(3).

Similarly, defendants are not entitled to witness names and addresses under Rule 16. Neither is this information required by the constitutional principles discussed in *Brady* and *Giglio*.

IV.     **MOTION FOR PRESERVATION OF ROUGH NOTES**

The Government is not aware of any such evidence. Moreover, the government notes that such evidence would be discoverable only insofar as required by the constitutional principles

discussed in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Nevertheless, the government will direct the agents involved to preserve any such notes in their possession.

## V.   MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS

The defendants seek the identity and whereabouts of each and all confidential informants used by the government in this case. In addition to defendants not being entitled to this information, any such identification to defendants would place any such individuals in very real and immediate personal danger. The government is seriously concerned about the danger which would be presented to confidential informants in this case in the event their identities and whereabouts were revealed to the defendants. Their physical safety, as well as the safety of members of their families, is of the utmost concern to the government. The dangers of witness intimidation, subornation of perjury, and actual injuries are serious concerns in criminal prosecutions, particularly in narcotics cases where the risks are the greatest. As this Court well knows, the drug trade is a high-risk business, with attendant dangers and the inherent possibility that its purveyors may be killed. This case presents heightened dangers as it involves, among other things, large quantities of a variety of drugs (heroin, powdered cocaine, crack cocaine, and marijuana), violent gang affiliations, and weapons.

Accordingly, defendants bear, and have failed to meet, a heavy burden of proving that disclosure is necessary and relevant to their defense. *See, e.g., Roviaro v. United Stated*, 353 U.S. 53 (1957). The defendants have not made the prerequisite showing that a confidential informant's testimony would significantly aid them in establishing an asserted defense. They have not satisfied their burden of showing need by establishing that an informant is a material witness, *Roviaro*, 353 U.S. at 64-65, or that an informant's testimony is crucial to the defense,

*United States v. De Los Santos*, 810 F.2d 1326, 1332-33 (5th Cir. 1987).

## VI.    MOTION FOR PRE-TRIAL DISCLOSURE OF INTENT TO RELY ON RULE 404(b) EVIDENCE

A copy of each defendants criminal history has been provided to each of their defense counsel.  In accordance with  Rule 404(b) of the Federal Rules of Criminal Procedure, the government hereby notifies each of the defendants of its intent to offer at trial evidence of defendants' relevant prior convictions.  A more detailed breakdown of each defendant's relevant crimes will follow.  Outside of what is contained in each defendant's criminal record, a copy of which has been provided to each defendant, the government is not aware of any such additional evidence at this time.  Should any such evidence come to our attention, the government fully intends to follow the notice provisions required by Rule 404(b) of the Federal Rules of Criminal Procedure.

## VII.    MOTION FOR STATEMENTS OF CO-CONSPIRATORS

The defendant is not entitled to the statement or confession of any co-defendants or alleged co-conspirators except as provided for under *Brady*.  Rule 16(a)(2) specifically excludes from pretrial discovery "statements made by government witnesses or potential government witnesses" except as provided under the Jencks Act (18 U.S.C. 3500).  Thus, written or oral statements of witnesses, including indicted and unindicted co-conspirators, are not discoverable under Rule 16.

**WHEREFORE,** the United States requests that the above answers be deemed good and

sufficient and that it is relieved from further answering.

Respectfully submitted,

DANA BOENTE
UNITED STATES ATTORNEY

 /s/ Theodore R. Carter, III
THEODORE R. CARTER, III
Assistant United States Attorney
650 Poydras Street, 16th Floor
New Orleans, Louisiana 70130
(504) 680-3165

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2013, a copy of the foregoing was served upon all

counsel of record by electronic delivery through the Court's ECF/CM system.

 /s/ Theodore R. Carter, III
THEODORE R. CARTER, III
Assistant United States Attorney